Ms. Brin, good morning. Good morning, your honors. Brenda Brin with the Federal Defender's Office on behalf of Mr. Holmes. As explained in my response to the government recent 28-J letters, there were two separate abuses of discretion by the district court here. And time permitting, I'd like to address both of them. The first was a clear error of law under Concepcion. And your principal authority for that was this decision of the Fourth Circuit that now the Fourth Circuit has acknowledged that Concepcion does not stand for the proposition. It actually stands for the opposite proposition, right? Actually, that's not my principal authority for the argument that there was a clear error of law here is Concepcion, because the court held- Well, I guess the point I was making was before Concepcion, your principal authority was a decision of the Fourth Circuit. And the Fourth Circuit has since then said, held, that Concepcion actually requires it to reach the opposite conclusion and the opposite of the argument you're making today. Isn't that right? The Collington case by the Fourth Circuit was one authority that I cited as persuasive. That was not necessarily the principal or only argument. I also argued- Well, it was directly on point in support of the argument. It was, and it's no longer the law. It's been undermined by Concepcion, and I acknowledge that. Well, and if that's true, if it's been undermined by Concepcion or abrogated by Concepcion, then why doesn't that foreclose your argument on that point? Because at the same time that the court undermined the holding in Collington, that the court was required to impose a sentence within the First Step Act's new revised statutory max. The court also held in Concepcion that the district court is allowed to consider any intervening change of law and is required to address an argument, a non-frivolous argument made by the defense, if raised by the defense. And in those two respects, Concepcion is my best authority. This case is on direct appeal. Concepcion applies. It didn't appear to me though that Judge Moore misunderstood that he could have granted a sentence reduction. He just chose not to here. Your Honor, I think that that is actually not correct or it's ambiguous from the court's order, whether he understood. Let me mention two portions of the court's order. First, the court cited United States versus Denson, which has been abrogated by, in the portion relevant to this case, has been abrogated by Concepcion. There is a red flag in Westlaw. It says it's been abrogated. And the holding of Denson was that a First Step Act proceeding is limited in the sense that the court cannot consider issues that it didn't consider at the first sentence. That's been rejected by Concepcion. The court held, the Supreme Court, you know. What do you make of this? All right, so when I look at the transcript and the argument was made to Judge Moore about Collington, and he said he found it unpersuasive, quote, in light of the clear language of the First Step Act, which states that nothing in 404 shall be construed to require a court to reduce any sentence pursuant to this section, end quote. That's Judge Moore recognizing he had the authority, but he wasn't required to reduce the sentence. Isn't that right? Your Honor, if I may address what Judge Moore did in his order, I will get to the answer to that question. First, the court exercised its discretion under 404B not to reduce the sentence without considering the change in law. That is the first part of his order. In the next part of the order, the court addressed, first, my notice of supplemental authority about the Dorsey-Hines change in law, which showed that the defendant was serving an illegal sentence. And in my second, I raised Collington as persuasive. So Collington only was- Let me ask the question this way, if I could, if you can help me. Is it your view that Judge Moore did not believe that he had the power to grant the relief you were seeking? Yes, and let me cite this language or read it to you from his order. First, he cites Denson as holding that the court may not consider questions that it did not consider at the original sentencing and says, thus, that is based on Denson, nothing under the First Step Act allows or requires the court to apply Hines to- Let me just tell you how I read what he wrote. I read Judge Moore to say, I understand that I have the power. I have the discretion to grant the relief you were seeking under the First Step Act. I do not believe I have the power to open the entire issue up for a plenary resentencing. I'm limited to relief under the First Step Act. I can grant it, I choose not to. Have I misread what he said? Your Honor, I believe so. Okay, how have I? Just in one line, what did I? Because he first exercised his discretion to deny relief without even mentioning this argument. So the decision was made first to exercise his discretion without considering that based on an intervening change of law, Mr. Williams has been serving an illegal sentence. He should have been sentenced under the First Step, resentenced under the First Step Act, and he was not. That was not considered. Then the court says- That argument seems to depend on the argument that we recently rejected in Jackson. The idea that the First Step Act motion is somehow a vehicle for revisiting the legality of the sentence, it's really not. It's an opportunity for an exercise of discretion to reduce based on the new statutory range, which he understood he had that power and declined to exercise that discretion. I think this question is quite different than the one considered in Jackson. In Jackson, the defendant was attempting to challenge the threshold eligibility decision based on a change in law, and the court said Concepcion did not authorize that. But Concepcion did authorize at the second discretionary stage, that's the question in this case, authorized a district court to consider any non-frivolous argument based on a change in law. And my argument was non-frivolous. It was that the defendant is serving an illegal sentence that the court didn't have jurisdiction to impose originally. Now, that sounds like you've gone back to the very argument we rejected in Jackson. Excuse me, Your Honor. I said, that sounds like, you had me, I understood you, I was following you when you said, look, this is different in that this involves an exercise of discretion under the First Step Act, whether to reduce the sentence or not. But then your argument is that the district court failed to consider that this was an illegal sentence. This looks like we're going right back to the Jackson problem. Actually, the court said nothing under the First Step Act allows or requires, and I am challenging the allows because Concepcion said the court is allowed to consider any argument. And my argument was the sentence was illegal based on an intervening change of law. That is a direct- That's exactly what Jackson was. No, it was not. The sentence in Jackson was not illegal. It was, under Apprendi. But it was not illegal at the time imposed. And that is the difference here. Let's see, that's where we have, I guess, a disagreement about how illegality works. So the Sixth Amendment was the law then. We may have misunderstood what the Sixth Amendment required, but the sentence was, according to Apprendi, illegal. We just didn't understand it until Apprendi. But Apprendi was not retroactive, and you can't go back to correct that illegality in a First Step motion, right? This error, which is a jurisdictional error, can be raised at any time whenever the court gets jurisdiction back. So if it gets jurisdiction back through a 2255, then the court can certainly address- Can I ask you just this? Yes. Holding aside for a moment, how Judge Moore came at the problem, and I understand the argument that you're making, your argument boils down to the proposition that under the circumstances of this case, the district court judge, when he took up finally, in the last iteration of the First Step Act, he was required, he was compelled to grant the relief because otherwise the guy continues to serve an illegal sentence. He got life, the statute now has a cap of 30 years, it's illegal, he was required to correct that. That's at the heart of your argument, right? That is the result, but my argument is different and it's based on the abuse of discretion standard. Time is really short, so let me get to my problem. However you slice it, you say under the First Step Act and the peculiar circumstances of this case, the district court had no discretion. He was required. And I don't know how to read that at the same time that I read the language of the First Step Act, and this is after all a First Step Act application. It provides that a court that imposed a sentence for a covered offense may, I underscore, it's precatory, it says may, not must on motion of the defendant, impose a reduced sentence as if sections two and three of the act were in effect at the time the covered offense was committed. And then it says if there be any question or doubt about what Congress had in mind, it says nothing in section 404 shall be construed to require a court to reduce any sentence pursuant to this section. I don't know how to read that language with the core of the argument that I hear you to be making, which is that under these circumstances, may meant shall, he had to, he had no discretion. Maybe I'm not apprehending the argument. No, you understand, but let me address what you have asked because there are two textual arguments. Why? In this particular, extremely unique case that will probably never come before the court again, where a defendant we now know was illegally sentenced under the Fair Sentence Act and has no venue to come before the court. And the court now has jurisdiction to correct its lack of jurisdiction and it chooses not to do so. These are the two textual reasons. You read to me the last line of 404C that says nothing in this section shall be construed to require. That means nothing in section 404, but the abuse of discretion standard does require this result. That is the backdrop. That is a legal- You're way over your time, so let me cut to the chase. I think your point that you're making is, your view is that he was, as a matter of discretion, still required to consider the fact that this was an illegal sentence, and you say he didn't consider that. We may have a disagreement about how to read the record, but that's your argument, isn't it? That's the first argument, and in Jones, where the record was unclear whether the court understood, it remanded. My second argument is that under Irie, which discusses and explains what a clear abuse of, a clear error in judgment is, this was a clear error in judgment. This is the reverse of Irie, and Irie, the court said, there is only one sentence. I think we got it. Thank you, Your Honor. Mr. Colan. Good morning. May it please the court, Jonathan Colan, on behalf of the United States. I want to address some of my counsel's points, because I think we have some disagreements as to how to read the record and what the law is, and I want to respond to those. First, I think most importantly, because I think the court does well understand the line between choosing to exercise your discretion not to grant the relief, and not consider an argument as possible grounds for relief. That's the important line here, is between those two different approaches. And here, I think the record is very clear that the court did understand its discretion to grant relief. And we know that- She says, just going right to the heart of it in the short time we have, among other things, Ms. Britton says, the district court was required to consider this sentence was illegal, and he didn't do that. When you read the record, does the record support that? Both the argument before the district judge, and the order that he entered? It is required to consider Herhine's argument. It is not required to grant relief on that basis, and we know it didn't- Correct, did he consider the argument that Ms. Brynn is making? Yes, and we know this on page- Show me how and where he considered it, if you would. Yes, on pages nine and 10 of the order. It starts by discussing what it can and what it can't do. When the language where the court said it's not allowed to apply Hines, it said it was not allowed to apply Hines. Hines would have required the imposition of a 30-year cap, and the court was correct. It is not allowed to apply Hines's requirement of the 30-year cap. To the contrary, the court says in its language on page 10, it's a matter of its discretion, and it chose to not grant that, to decline to exercise that discretion three times. In the pages, in page 10, where it refers to Hines and is considering the Hines argument, three times the court used the word discretion to draw that contrast between Hines, which would have required the imposition of a 30-year cap, in which the court said that's what said, that's where it used the word allow. It was not allowed to apply Hines's 30-year cap. And on the previous page, page nine, it referred to Hines addressing the legality of the sentence. It can't revisit the legality. It can consider the circumstances. This is what Concepcion required. It must consider as grounds for exercising its discretion. In other words, this is not a direct appeal. We have a final judgment, and there are limitations on revisiting the legality of the sentence. And what we're talking about here is an exercise of discretion to grant some relief that Congress has allowed district courts to grant in their discretion. Exactly, Your Honor. And unlike the cases where this court has required a remand, where it was unclear if the court understood its post-Concepcion discretion, the record here is very different from those cases because it repeatedly referred to its discretion. This is why this is not one of those cases where it's ambiguous and a remand was required post-Concepcion. The court explicitly considered both the 30-year cap and the guideline range explicitly considered was calculated on the basis of the 30-year cap that would apply under the Fair Sentencing Act. So it very clearly exercised its discretion to deny the relief it knew it could have granted. And the basis, the Hines basis, was also considered and specifically mentioned as a part of its discretion. Counsel had raised, Your Honor, just by bringing up the point about the difference between a direct appeal and a modification proceeding. This goes to counsel's second point about I.R.E. and the substance of reasonableness as a function of abuse of discretion. Section 404, because it's a modification proceeding, is different from an original sentencing review. 404C's language- I.R.E. was a direct appeal, wasn't it? Yes, and 404C's own language and the court in Concepcion both used the word that nothing requires the court to reduce any sentence. So that's why this is different from an original appeal under the substance of reasonableness standard. What this court has said is there must be a reasoned basis for a decision. And what Concepcion adds is that the court must consider the arguments, must consider and then exercise its discretion. And that's what was done here. So because unlike an original sentencing, this case, because this has already been through an original sentencing, the substance of reasonableness standard from I.R.E. was already available in a 404 case, those sentences are already in existence. It either already was reviewed for substance of reasonableness or could have been. And similarly, as to her argument about the illegality of the sentence has somehow changed the calculus in these very unique circumstances. This is really not that unique. This is like any other case where a defendant has a statutory error claim. Well, it's not quite like any other case, Mr. Colan. At least speaking for myself, the problem that you have is the cap is 30 years and he's serving a life sentence. And in any case where- And if this was heard de novo, that would be illegal, wouldn't it? If it was heard de novo, it would have been reversed. Also- So the answer is yes, it would have been an illegal sentence. Is that correct? Yes. And Mr. Williams had- So that makes this a little bit unusual. He will sit in the can for life for something that under the law today, he can only serve 30 years. And there are other examples, Your Honor, where defendants are serving sentences that were statutory- I understand your argument is that this is not a plenary sentencing procedure. It's unique and limited to the purposes of the First Step Act in 404. And therefore the thrust of our argument is wrong because she really wants to throw it open to an attack on the unlawfulness of the sentence itself. But it's still, after all is said and done, kind of troubling, isn't it? And the law provides relief for those circumstances. In fact, Mr. Williams had relief for those circumstances. His 2255 action was filed after Dorsey. And the 2010 sentencing itself was before this- Okay, so the answer is he could have done better if he had filed it under a 2255, but he can't do it now and it's too late. Is that sort of the bottom line? As this court has held, Your Honor, a statutory sentencing error cannot be raised in a second or successive 2255. The Supreme Court at the moment is looking at the saving clause. Perhaps the court will expand the availability of remedies under the saving clause. And the government actually has taken the position in that case that an error like this one, a statutory sentencing error in general would be available under the saving clause. So it's perhaps the Supreme Court will grant a remedy there. The government can't at the moment, though under this court's binding law. Nor can we, because we've said the savings clause doesn't allow this type of action. But in the event, I want to ask you about this one, defendant's sentence, page 10 of the district court's order. And one word she emphasizes, in other words, nothing under the First Step Act allows or requires the court to apply Hines to defendant's sentence. I'm not worried about requires. She says that allows in that sentence shows a misunderstanding of the scope of the authority here. You say, no, it doesn't, because he says discretion in other places in the order. Isn't this nothing under the First Step Act allows this court to apply Hines? Why is that a problem? Because applying Hines would not be a discretionary act. Hines would have required the imposition of the 30-year cap. And on the previous page on page nine, I think if you read the discussion of Hines, starting on page nine and into page 10, Hines addresses the legality of the sentence. And if you apply Hines, then as Judge Marcus has pointed out, it would be an illegal sentence and you would have to apply the 30-year cap. So in the next sentence on page 10, after the one you quoted, Your Honor, the court says that after it can't, it's not allowed under section 404, it's not allowed or required to apply Hines. In other words, the motion to reduce the sentence that's provided by the First Step Act is not an opportunity to address sentence illegality. Exactly. It's an opportunity to exercise discretion to reduce the sentence, considering everything, including the fact that it would now be 30 years. Yes. And the language from the court that I just wanted to quote for Judge Hull is that the next sentence begins, to the contrary, the First Step Act provides the court clear discretion. So when you read those two sentences together, I think that's what differentiates this case from other cases post-conception, where this court has said that the court's acting pre-conception did not understand the discretion. Here, the court very clearly did. Now, if this court were to read this order differently and to say that the court did not understand that it had the discretion to consider Hines and these unusual circumstances, then yes, a remand would be required. But that's not our view of this case. I have little doubt from this record, given the history of this case, what Judge Moore would do in that circumstance. Understood, Your Honor. And with the bottom line to us, and we're all- Bottom line is he's done it four times and imposed the same sentence four times. And very carefully explained his reasons for it. I understand, on the last iteration. All I'll leave you with, Your Honors, unless you have further questions, is that what's important is that, in contrast, I think, to the remaining dispute between us and the defense, is that there is no category of cases where it is automatically an abuse of discretion to deny 404 relief. 404 grants the court discretion. And as long as there is a reasoned basis and it has exercised that discretion and considered the arguments under conception, it is allowed on the merits to decide that no relief is warranted. And that's what happened here. So if a remand is required, as long as it's clear that this is a discretionary act, that is what 404 requires. But we don't believe that a remand is required because the court here very clearly did understand its discretion. Thank you. Thank you, Mr. Cohen. Ms. Brin, you say five minutes. Ms. Brin, let me ask you a question at the outset. In Telsey v. United States, I know you're familiar with it, in Section 21, we explained that a sentence reduction under the First Step Act, quote, is only a sentence reduction and not a full resentencing. And we explained in substance, a panel of court did that, this was because the covered offenses, it doesn't give you the opportunity, it only permits the court to reduce sentence for covered offenses under certain circumstances. It doesn't affect the validity or lawfulness of the underlying sentence. In substance, that First Step Act wasn't designed as akin to a 2255 proceeding to undertake a full review. Is that right or wrong? And if that's right, wasn't the district court essentially bound to just review the First Step Act? He certainly could have granted the relief and said in substance, you know, he's serving life and it's illegal if it had been raised earlier properly and decided under 2255, but I'm still giving him life and that would have happened. But what I'm really asking you, isn't the nature of the proceeding at the heart of this dispute? I agree with your characterization of the nature of the proceeding. It's not a plenary resentencing. But I'd like to address what Mr. Collin said, that there is no category of cases in which there would ever be an abusive discretion not to reduce a sentence. This is, I don't know if it's a category, but it's a case. It's the only case I can imagine within the rule that nothing is required. And I would like to come back to your other question, Judge Marcus, about how can we square my arguing under Irie? This was a substantively unreasonable sentence with the language of 404C. And to do that, the court- I mean, what does Irie have to do with it? I mean, Irie is a direct appeal. Well, the reason Irie has something to do with it is because the court in Gonzales in defining what the abusive discretion standard is cited Irie for the proposition that an abusive discretion exists if there is a clear error of judgment. And I am raising that as the reason why when you remand, I believe you should remand, it should be with directions that the court exercise its discretion to reduce this to the only jurisdictional sentence that exists, which would be 30 years. And I am saying, I am arguing that that is consistent with reading 404C as a whole, not only the last sentence, but the first sentence, which says no court shall entertain a motion made under this section to reduce the sentence if the sentence was previously imposed or previously reduced in accordance with the Fair Sentencing Act. What does that show? Congress in writing 404C presuppose that anyone who was entitled to be sentenced under the Fair Sentencing Act was sentenced under the Fair Sentencing Act or got a sentence reduced like the people who were in the pipeline after Dorsey. That is the presupposition before it gets to the last line. So this is a full text contextual argument, how to read 404C last sentence against its first sentence. And if that, I believe it's a plausible reading of the entire provision, it's at least equally plausible with only reading 404C in isolation. And if there are two plausible readings, then the rule of lenity would require our reading that Congress presupposed everyone who was entitled to be sentenced got the sentence. The rule of lenity wouldn't apply to a post-conviction reduction of sentence. It applies to a statute and this is a statute. I mean, the whole notion of the rule of lenity is notice to the defendant and you get the benefit of the doubt if there are two plausible readings, but it doesn't apply in the retrospective kind of context that we're talking about. Even if you're right in interpreting the First Step Act, you have to consider the backdrop against which it was written. Justice Sotomayor did that in Concepcion saying the backdrop to the First Step Act was pepper. All of these cases saying there's no limitation on what the court can consider. The backdrop, the legal background that everyone knew in enacting this statute was that when the court says may, it abhors discretion and you can't abhor discretion and tell defendants and courts that there will be a review for abuse of discretion if nothing is ever an abuse of discretion. That's what you would be saying here. You would say the only abuse of discretion can be if the court didn't understand its authority as long as it gives any reason, some reason, even if it's not a reasonable reason and the reason given here for having authority to correct an illegal sentence that the court didn't have jurisdiction to impose and saying, I refuse to do that because I don't want to. That's not reasonable. That is not a reason. Well, of course, in fairness to the district judge, he did a whole lot more than saying, I'm not doing it because I don't want to. He said, I have authority. Bear with me, bear with me, please. He gave a variety of reasons for why he was not in, he was not granting the relief, which he recognized that he had the discretion to do. Among the factors that he considered was the nature of the defendant's criminal history. And he cited, among other things, a second degree murder conviction where your client hired somebody, it was a murder for hire, got him a gun, paid him to kill somebody. And to judge more, the nature of the underlying criminal history was so serious, so egregious, that to the extent he had discretion, he was not going to exercise it. So it was a whole lot more than, quote, I don't want to do it. Right, Your Honor. However, in the portion of the order where the court was discussing the various 3553A factors that I raised, there was no mention of the fact that this was an illegal sentence. That wasn't weighed in the mix. Later, the court said, I have discretion to leave an illegal sentence intact. And that was error. Thank you. We ask the court to reverse and remand with the instructions to impose a sentence at the legal FSA maps that should have applied. Thank you. Thank you, Ms. Brennan.